UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Date: November 15, 2021

| | |
|---|---|
| **CV 21-4994 MWF (Ex):** | ***Allstate Insurance Company, et al. v. Southern California Edison Company, et al.*** |
| **CV 21-5166 MWF (Ex):** | ***21st Century Insurance Company v. Southern California Edison, et al.*** |
| **CV 21-5171 MWF (Ex):** | ***Myrna Bahl, et al. v. Southern California Edison Company, et al.*** |
| **CV 21-5244 MWF (Ex):** | ***Ria I. Canlas, et al. v. Los Angeles Department of Water and Power, et al.*** |
| **CV 21-5306 MWF (Ex):** | ***State Farm General Insurance Company, et al. v. Southern California Edison Company, et al.*** |
| **CV 21-5316 MWF (Ex):** | ***United Services Automobile Association v. Southern California Edison Company, et al.*** |
| **CV 21-5321 MWF (Ex):** | ***Allianz Global Corporate and Specialty v. Southern California Edison Company, et al.*** |
| **CV 21-5460 MWF (Ex):** | ***Hartford Fire Insurance Company, et al. v. Southern California Edison Company, et al.*** |
| **CV 21-5848 MWF (Ex):** | ***AIG Property Casualty Company, et al. v. Southern California Edison Company, et al.*** |
| **CV 21-5895 MWF (Ex):** | ***California Automobile Insurance Company, et al. v. Southern California Edison Company, et al.*** |
| **CV 21-5901 MWF (Ex):** | ***Abraham Ascencio, et al. v. Los Angeles Department of Water and Power, et al.*** |

Present: The Honorable: <u>MICHAEL W. FITZGERALD, United States District Judge</u>

| Rita Sanchez | Not Reported |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|:---:|:---:|
| Not Present | Not Present |

**Proceedings (In Chambers):**   **ORDER GRANTING MOTIONS FOR REMAND**

Before the Court are the following Motions, Oppositions, and Replies:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  **November 15, 2021**

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

CV 21-4994, *Allstate*:
- Plaintiffs' Motion to Remand Action to State Court ("Allstate MTR") filed July 21, 2021.  (Docket No. 13).
- Defendant Southern California Edison Company's Opposition to Plaintiffs' Motion to Remand Action to State Court ("SCE Opposition/Allstate") filed August 2, 2021.  (Docket No. 17).
- Plaintiffs' Reply in Support of Motion to Remand to State Court ("Allstate Reply") filed August 9, 2021.  (Docket No. 18).

CV 21-5166, *21st Century*:
- Plaintiffs' Motion to Remand Action to State Court ("21st Century MTR") filed July 23, 2021.  (Docket No. 15).
- Plaintiffs' Joinder in Allstate MTR filed July 29, 2021 ("21st Century Joinder").  (Docket No. 20).
- Defendant Southern California Edison Company's Opposition to Plaintiffs' Motion to Remand and Notice of Joinder in SCE's Opposition to Plaintiffs' Motion for Remand in *Allstate* ("SCE Opposition/21st Century") filed August 2, 2021.  (Docket Nos. 21 and 22).
- Plaintiffs' Joinder in Reply in Support of Motion for Remand to State Court Filed by Plaintiffs Allstate, et al. ("21st Century Joinder Reply") filed August 9, 2021.  (Docket No. 24).

CV 21-5171, *Bahl*:
- Plaintiffs' Motion to Remand Action to State Court ("Bahl MTR") filed July 22, 2021.  (Docket No. 15).
- Edison Defendants' Opposition to Plaintiffs' Motion to Remand and Joinder in SCE's Opposition to Plaintiffs' Motion for Remand in *Allstate* ("SCE Opposition/Bahl") filed August 2, 2021.  (Docket No. 19).
- Plaintiffs' Joinder in Motion for Remand Filed by Plaintiff Allstate ("Bahl Joinder") filed August 3, 2021.  (Docket No. 20)
- Plaintiffs' Joinder in Reply in Support of Motion for Remand to State Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  **November 15, 2021**

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

    Filed by Plaintiffs Allstate, et al. ("Bahl Joinder Reply") filed August 12, 2021. (Docket No. 21).

CV 21-5244, *Canlas*:
- Plaintiffs' Motion to Remand Action to State Court ("Canlas MTR") filed July 22, 2021. (Docket No. 14).
- Defendant City of Los Angeles and Department of Water and Power's Joinder in Motion for Remand filed by Allstate, and Motion for Remand ("DWP Joinder/Canlas and MTR") filed July 27, 2021. (Docket No. 18).
- Edison Defendants' Opposition to Plaintiffs' Motion to Remand and Joinder in SCE's Opposition to Plaintiffs' Motion for Remand in *Allstate* ("SCE Opposition/Canlas") filed August 2, 2021. (Docket No. 20).
- Plaintiffs' Joinder in Motion for Remand filed by Allstate ("Canlas Joinder) filed August 3, 2021. (Docket No. 21).
- Edison Defendants' Opposition to DWP Motion to Remand ("SCE Opposition/DWP MTR") filed August 9, 2021. (Docket No. 22).
- Plaintiffs' Joinder in Reply in Support of Motion for Remand to State Court Filed by Plaintiffs Allstate, et al. ("Canlas Joinder Reply") filed August 12, 2021. (Docket No. 23).
- Defendant City of Los Angeles and Department of Water and Power's Reply in Support of Motion for Remand and Joinder in Reply to Opposition to Motion for Remand Filed by Allstate ("DWP Reply and Joinder in Reply/Canlas") filed August 16, 2021. (Docket No. 24).

CV 21-5306, *State Farm*:
- Plaintiffs' Joinder in Motion for Remand Filed by Plaintiffs Allstate ("State Farm Joinder") filed July 29, 2021 and August 18, 2021. (Docket Nos. 16 and 18).
- Plaintiffs' Joinder in Reply in Support of Motion for Remand Filed by Plaintiffs Allstate ("State Farm Joinder Reply") filed August 18, 2021. (Docket No. 19).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date: **November 15, 2021**

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

CV 21-5316, *USAA*:
- Plaintiffs' Joinder in Motion for Remand Filed by Plaintiffs Allstate ("USAA Joinder") filed July 30, 2021.  (Docket No. 17).
- Plaintiff's Joinder in Reply in Support of Motion for Remand to State Court Filed by Plaintiffs Allstate, et al. ("USAA Joinder Reply") filed August 11, 2021.  (Docket No. 18).
- Edison Defendants' Opposition to Plaintiffs' Motion to Remand and Joinder in SCE's Opposition to Plaintiffs' Motion for Remand in Allstate ("SCE Opposition/USAA") filed August 16, 2021.  (Docket No. 19).

CV 21-5321, *Allianz*:
- Plaintiffs' Motion to Remand Action to State Court ("Allianz MTR") filed July 26, 2021.  (Docket No. 15).
- Plaintiffs' Joinder in Motion for Remand Filed by Plaintiffs Allstate ("Allianz Joinder") filed July 29, 2021.  (Docket No. 17).
- Plaintiffs' Joinder in Reply in Support of Motion for Remand to State Court Filed by Plaintiffs Allstate, et al. ("Allianz Joinder Reply") filed August 9, 2021.  (Docket No. 18).
- Edison Defendants' Opposition to Plaintiffs' Motion to Remand and Joinder in SCE's Opposition to Plaintiffs' Motion for Remand in Allstate ("SCE Opposition/Allianz") filed August 9, 2021.  (Docket No. 19).

CV 21-5460, *Hartford*:
- Plaintiffs Joinder in Motion for Remand Filed by Plaintiffs Allstate ("Hartford Joinder") filed July 30, 2021.  (Docket No. 18).
- Plaintiffs' Joinder in Reply in Support of Motion for Remand to State Court Filed by Plaintiffs Allstate, et al. ("Hartford Joinder Reply") filed August 10, 2021.  (Docket No. 19).
- Edison Defendants' Opposition to Plaintiffs' Motion to Remand and Joinder in SCE's Opposition to Plaintiffs' Motion for Remand in Allstate ("SCE Opposition/Hartford") filed August 16, 2021.  (Docket No. 20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  **November 15, 2021**

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

CV 21-5848, *AIG*:
- Plaintiffs' Joinder in Motion for Remand Filed by Plaintiffs Allstate ("AIG Joinder") filed August 10, 2021.  (Docket No. 20).
- Edison Defendants' Opposition to Plaintiffs' Motion to Remand and Joinder in SCE's Opposition to Plaintiffs' Motion for Remand in Allstate ("SCE Opposition/AIG") filed August 16, 2021.  (Docket No. 21).
- Plaintiffs' Joinder in Reply in Support of Motion for Remand Filed by Plaintiffs Allstate, et al. ("AIG Joinder Reply") filed August 18, 2021.  (Docket No. 23).

CV 21-5895, *California Automobile Insurance Company ("CAIG")*:
- Plaintiffs' Joinder in Motion for Remand Filed by Plaintiffs Allstate ("CAIG Joinder") filed August 16, 2021.  (Docket No. 18).

CV 21-5901, *Ascencio*:
- Plaintiffs' Joinder in Motion for Remand Filed by Plaintiffs Allstate ("Ascencio Joinder") filed August 6, 2021.  (Docket No. 17).
- Plaintiffs' Joinder in Reply in Support of Motion for Remand Filed by Plaintiffs Allstate, et al. ("Ascencio Joinder Reply") filed August 18, 2021.  (Docket No. 18).
- Edison Defendants' Opposition to Plaintiffs' Motion to Remand and Joinder in SCE's Opposition to Plaintiffs' Motion for Remand in Allstate ("SCE Opposition/Ascencio") filed August 20, 2021.  (Docket No. 20).
- Ascencio Plaintiffs' Additional Reply to Opposition to Joinder in Motion for Remand ("Ascencio Supp Reply) filed August 31, 2021.  (Docket No. 21).

The Court has read and considered the papers filed in connection with the Motions and held a telephonic hearing on September 8, 2021, pursuant to General Order 21-08 arising from the COVID-19 pandemic.

For the reasons set forth below, the Motions for Remand are **GRANTED**.  Even if the Angeles National Forest is a federal enclave, the State of California still retains

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  November 15, 2021

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

concurrent jurisdiction over the land.  Accordingly, this Court may only retain jurisdiction if the underlying state law claims raise a substantial federal interest.  Because Defendants fail to establish a substantial federal interest, this Court lacks jurisdiction and must remand the cases to state court.

Defendants also fail to establish federal officer jurisdiction under 28 U.S.C. § 1442 because their conduct was not subject to the direction or control of a federal officer or agency.

**I.      BACKGROUND**

The lawsuits at issue all arise from a Los Angeles County wildfire known as the "Creek Fire." (*See, e.g.*, Allstate Complaint ¶ 13 (CV 21-4994) (Docket No. 2-2)).

In early December 2017, most of Southern California was under a red flag warning for a high risk of wildfires.  (*Id*. ¶ 14).  The warning was issued due to low humidity levels and future forecasts of strong Santa Ana winds.  (*Id*.)

Late in the afternoon of December 5, 2017, in the Angeles National Forest, an electrical ground fault occurred at a powerline that was owned, operated, and maintained by Defendants.  (*Id*. ¶ 15).  The fault caused an electrical distribution line to arc, which provided an ignition source to ignite nearby trees, brush, and vegetation.  (*Id*. ¶ 20).  The flames fanned into a wildfire that ultimately destroyed or damaged more than 200 structures.  (*Id*. ¶ 22).

Plaintiffs, all of whom are individuals or entities who suffered loss as a result of the Creek Fire, allege that the fire was caused by Defendant Southern California Edison's ("SCE") failure to conduct inspections of their electrical distribution system and take other reasonable safety measures.  (*Id*. ¶ 51).  Plaintiffs filed suit in California Superior Court, alleging two claims under state law for inverse condemnation and negligence.  (*Id*. ¶¶ 28-63).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  November 15, 2021

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

Defendants filed a Notice of Removal (the "Notice") invoking this Court's federal question jurisdiction.  (*See e.g.*, Allstate Notice of Removal (CV 21-4994) (Docket No. 2)).  Defendants contend that federal jurisdiction is proper because the fire originated within a federal enclave and Defendants' conduct was subject to a federal officer's directions.  (*Id.*)  In response, Plaintiffs joined in a Motion to Remand the case back to state court.  (*See e.g.*, Allstate Motion for Remand (CV 21-4994) (Docket No. 13)).

## II.     LEGAL STANDARD

Courts should "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  *Id.*; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence."  *Taylor v. United Road Services*, No. CV 18-330-LJO-JLT, 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)).  The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party."  *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566).  Removability is determined based on the removal notice and the complaint as it existed at the time of removal.  *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date: **November 15, 2021**

**CV 21-4994 MWF (Ex):** *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

## III. DISCUSSION

Defendants removed the pending cases to federal court, asserting that this Court has federal subject matter jurisdiction on two independent grounds:

*First*, Defendants claim that the Angeles National Forest is a federal enclave, and as such, federal courts have federal question jurisdiction over claims that arise on federal enclaves. (Notice at 2) (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).

*Second*, Defendants claim that federal jurisdiction is proper because their conduct in the Angeles National Forest was subject to a United States Forest Service ("USFS") permit, and the conditions of this federal permit have a causal nexus with Plaintiffs' state law claims. (Notice at 5-8); *see* 28 U.S.C. § 1442.

### A. The Court Need Not Decide Whether the Angeles National Forest is a Federal Enclave

"In order for federal enclave jurisdiction to exist, (1) the United States must purchase land from a state for the purpose of erecting forts, magazines, arsenals, dock-yards, or other needful buildings, (2) the state legislature must consent to the jurisdiction of the federal government, and (3) if the property was acquired after 1940, the federal government must accept jurisdiction. . . ." *Wood v. Am. Crescent Elevator Corp.*, No. CIV.A. 11-397, 2011 WL 1870218, at *2 (E.D. La. May 16, 2011). The parties debate the first requirement: whether the United States must acquire land from a *state* to establish a federal enclave.

Both parties agree that the land compromising the Angeles National Forest was initially acquired by the United States from Mexico in 1848 through the Treaty of Guadalupe Hidalgo, and both agree that the United States conveyed jurisdiction to the State of California two years later when California was admitted to the Union.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  November 15, 2021

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

The parties disagree, however, on the significance of an 1891 California cession statute, which provides:

> The State of California hereby cedes to the United States of America exclusive jurisdiction over such piece or parcel of land as may have been or may be hereafter ceded or conveyed to the United States, during the time the United States shall be or remain the owner thereof, for all purposes except the administration of the criminal laws of this State and the service of civil process therein.

Stats. 1891, ch. 181, § 1.

Plaintiffs interpret the statute to mean that state jurisdiction is only ceded if California conveys land to the United States.  (Motion at 11) (citing *Coso Energy Devs. v. Cty. of Inyo,* 122 Cal. App. 4th 1512, 1523, 19 Cal. Rptr. 3d 669 (2004) ("Because the land [] was ceded to the United States by *Mexico*, and not by California, the statute did not effect a transfer of California's jurisdiction") (emphasis in original)).

Defendants disagree, arguing that the 1891 statute ceded jurisdiction back to the United States because the Angeles National Forest had been previously "ceded or conveyed to the United States" by Mexico in the Treaty of Guadalupe.  (Opp. at 12).  Defendants cite a recent California Supreme Court decision to support their interpretation, but that case involved a criminal defendant who fell within the statute's "criminal laws" exception, so jurisdiction remained with California anyway.  *See People v. Hoyt*, 8 Cal. 5th 892 (Cal. 2020) (stating that California ceded lands to the United States under the 1891 cession statute).

This Court, however, need not reconcile seemingly inconsistent interpretations of California's 1891 cession statute.  Even if the Angeles National Forest is a federal enclave, California retains concurrent jurisdiction, and Defendants thus fail to meet their burden to establish federal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  November 15, 2021

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

### 1.  California has concurrent jurisdiction over the Angeles National Forest

Assuming, *arguendo*, that the Angeles National Forest is a federal enclave, the next question for the Court to determine is whether the federal government has exclusive or concurrent jurisdiction over the Forest.  *See Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 528 (1938) ("Jurisdiction obtained by consent or cession may be qualified by agreement or through offer and acceptance or ratification. It is a matter of arrangement. These arrangements the courts will recognize and respect.").

Defendants argue that the United States has "at least" concurrent jurisdiction over the Angeles National Forest because it is a federal enclave.  (Opp. at 9).  Indeed, if the Forest is a federal enclave, the Court agrees that the United States could have "at least" concurrent jurisdiction, but this is far from exclusive jurisdiction because California continues to regulate the Angeles National Forest.  *See Paul v. United States*, 371 U.S. 245, 268 (1963) ("State[s] may not legislate with respect to a [exclusive] federal enclave … only state law existing at the time of the acquisition remains enforceable, not subsequent laws.").

Under the Enclave Clause, if the United States acquired exclusive jurisdiction of the Forest through the 1891 California cession statute, any subsequent laws passed by California after 1891 would be unenforceable in the Forest.  *See James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 100 (1940) ("Since only the law in effect at the time of the transfer of jurisdiction continues in force, future statutes of the state are not a part of the body of laws in the ceded area.").  This dynamic is merely hypothetical.

As Defendants acknowledge, the State of California continues to directly regulate utilities within the Angeles National Forest.  (Opp. at 21).  Therefore, *at most*, the United States has concurrent jurisdiction over the Forest alongside California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  November 15, 2021

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

### 2.  Defendants fail to raise a substantial federal interest

While this matter was under submission, the Ninth Circuit overturned a grant of federal enclave jurisdiction and explained that federal enclave precedent is limited to situations where the United States has exclusive jurisdiction – not concurrent jurisdiction.  *Lake v. Ohana Mil. Communities, LLC,* 14 F.4th 993, 1003 (9th Cir. 2021) ("We have only found federal question jurisdiction in enclaves in which Congress has not permitted concurrent jurisdiction, and we have not extended that rule to federal land that is subject to broad state concurrent jurisdiction.").

Therefore, when determining whether this Court has jurisdiction to hear state law claims that originate from a federal enclave with concurrent jurisdiction, the Court's analysis should not be influenced by the existence of the enclave.  *See id*. (rejecting the district court's "new rule" that failed to apply the Supreme Court's existing standard to state law claims seeking federal jurisdiction).

To determine whether the Court has jurisdiction over state law claims, the Court analyzes the following requirements as set forth by the Supreme Court:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  Where all four of these requirements are met, [] jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Defendants proffer the following federal issues:  (1) the fire began in a national forest; (2) the fire largely damaged land within a federal enclave; (3) the allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  November 15, 2021

**CV 21-4994 MWF (Ex):**    *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

relate to a federal permit; (4) the federal government was receiving services from SCE; and (5) the subsequent investigation was conducted by federal officers.

The Court, however, does not agree that these issues necessarily raise a federal question because the various Complaints allege state law claims, and the United States is not a party to the action.

Moreover, the fire began in a national forest but Defendants still fail to explain how this issue creates a federal interest that is "substantial."  To meet their burden for substantiality, Defendants must show that the issue is important to the federal system as a whole.  *Id*. at 260.  However, utility line maintenance in an area that is already subject to state regulation does not implicate a system-wide federal issue.

The existence of a federal permit is likewise unpersuasive because SCE has raised no arguments testing the sufficiency or interpretation of the permit.  Rather, the relevancy of the permit would amount to a "federal defense," which is an insufficient basis for federal jurisdiction.  *See Caterpillar*, 482 U.S. at 393 ("it is now settled law that a case may not be removed to federal court on the basis of a federal defense. . . .").

Defendants' other asserted interests are unpersuasive because the federal government's receipt of services is an overly broad assertion that would produce absurd results and cause even the most attenuated claims to be litigated in federal court.  And finally, the fire was investigated by both local and federal officials, and Defendants have not argued that federal officials will refrain from participating in the state court litigation.

## B. Federal Officer Removal

Federal officer or agency jurisdiction under 28 U.S.C. § 1442 exists when a defendant shows: "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Date:  November 15, 2021

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

plaintiff's claims; and (c) it can assert a 'colorable federal defense." *Lake*, 14 F.4th 993, at 1004 (9th Cir. 2021).

To qualify for federal jurisdiction on these grounds, the private person "acting under" the direction of a federal officer "must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007) (emphasis in original).  Regulation, however, is not delegation.  *See id.* at 157 ("the FTC's detailed rules . . . sounds to us like regulation, not delegation.").  "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Id*. at 153.  "And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id*.

SCE argues that it was acting under the direction of federal officers in the Angeles National Forest because the federal government "strictly regulated vegetation management in and around SCE's facilities in the [Forest], and Plaintiffs allege that vegetation contributed to the Creek Fire ignition." (Opp. at 23).  SCE also claims that, if SCE was not supplying electricity to the government's facilities, the government would be forced to perform that function themselves.  (*Id*.) (citing *Watson*, 551 U.S. at 154).

The Court disagrees.  As explained in *Watson*, compliance with highly detailed regulations does not equate to acting under the direction of a federal officer or agency.  *Watson*, 551 U.S. at 153.  If it did, this interpretation would "expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries." *Id*.

Moreover, the Court is not convinced that the federal government would have had to supply electricity to the Forest themselves in the absence of SCE's service.  If SCE's services were unavailable, the government could simply contract with a different provider.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Date: November 15, 2021**

**CV 21-4994 MWF (Ex):**   *Allstate Insurance Company, et al. v. Southern California Edison Company, et al., and related cases*

Accordingly, the Motions for Remand are all **GRANTED**. The actions are **REMANDED** to the Los Angeles County Superior Court.

IT IS SO ORDERED.